**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 112414

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SUSAN EGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHOENIX FINANCIAL SERVICES LLC and PENDRICK CAPITAL PARTNERS II, LLC,<br><br>Defendants. | Docket No: 1:17-cv-1437<br><br>**COMPLAINT-CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

SUSAN EGER, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against PHOENIX FINANCIAL SERVICES LLC ("PHOENIX") and PENDRICK CAPITAL PARTNERS II, LLC ("PENDRICK") (hereinafter collectively referred to as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

1

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of Indiana.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, PHOENIX's principal place of business is located in Indianapolis, Indiana.

8. On information and belief, PENDRICK's principal place of business is located in Glenn Falls, New York.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are therefore "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff fell behind on payments owed on the debt.

13. At a time known only to Defendants, Plaintiff's debt was assigned or otherwise transferred to Defendants for collection.

14. In their efforts to collect the debt, Defendants contacted Plaintiff by letter dated May 9, 2016. ("Exhibit 1.")

15. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. The letter was the initial communication to Plaintiff from Defendants.

17. The letter states "Other/Fees Balance 0.00."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

18. Although the "Other/Fees" is "0.00," the letter implies that there could be a fee added to the debt in the future.

19. The letter falsely implies that Defendants have a right to add fees to the debt.

20. The letter threatens to collect a fee.

21. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

22. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

23. Defendants' conduct, as described, is prohibited by 15 U.S.C. § 1692f(1).

24. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

25. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

26. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

27. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

28. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

29. The unsophisticated consumer would likely be deceived into believing that Defendants are legally entitled to add fees to the debt.

30. Defendants have no legal basis to add fees to the debt.

31. Defendants' conduct, as described, violates § 1692e.

## CLASS ALLEGATIONS

32. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated from whom Defendants attempted to collect a consumer debt using the same unlawful means described herein, from one year before the date of this Complaint to the present.

33. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks

that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

34. Defendants regularly engage in debt collection using the same unlawful conduct described herein, in its attempts to collect delinquent consumer debts from other persons.

35. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts using the same unlawful conduct described herein.

36. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

38. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

39. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.   Certify this action as a class action; and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

  b. Appoint Plaintiff as Class Representative of the Class, and her attorneys as Class Counsel; and

  c. Find that Defendants' conduct violates the FDCPA; and

  d. Grant statutory damages against Defendants pursuant to 15 U.S.C. § 1692k; and

  e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

  f. Grant Plaintiff's costs; all together with

  g. Such other relief that the Court determines is just and proper.

DATED: September 1, 2016

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 112414